# Exhibit A

FILED
3/1/2023 11:22 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Cynthia R Willis DEPUTY

**2 CIT ESERVE**
**JURY DEMAND**

CAUSE NO. DC-23-02829

| | | |
|---|---|---|
| **CALVIN JOHNSON;** § | | IN THE DISTRICT COURT OF |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| **VS.** § | | DALLAS COUNTY, TEXAS |
| § | | |
| **TITO VEGA; AND INTERSTATE** § | | |
| **FREIGHT SOLUTIONS, LLC;** § | | 298th |
| § | | |
| **Defendants.** § | | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Calvin Johnson files Plaintiff's Original Petition complaining of Defendants Tito Vega and Interstate Freight Solutions, LLC.

### I.  DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 3 pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### II.  RULE 47 PLEADING REQUIREMENTS

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief of over $250,000 but not more than $1,000,000.  The amount of monetary relief actually awarded, however, will ultimately be determined by a jury.  Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## III.  PARTIES

Plaintiff Calvin Johnson is an individual resident of Crandall, Kaufman County, Texas. His driver's license number is *****325.

Defendant Tito Vega is an individual resident of Alvarado, Johnson County, Texas and may be served with process at 8200 Country Manor Lane, Alvarado, Texas 76009.

Defendant Interstate Freight Solutions, LLC is a corporation doing business in Arlington, Tarrant County, Texas and may be served with process by serving its registered agent, Blake Howle, at 7663 Retta Mansfield Road, Mansfield, Texas 76063.

## IV.  JURISDICTION AND VENUE

The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of this Honorable Court.

This Court has venue over the parties to this action since the incident complained of herein occurred in Dallas County, Texas. Venue therefore is proper in Dallas County, Texas pursuant to the TEXAS CIVIL PRACTICE & REMEDIES CODE §15.002.

## V.  FACTS

This lawsuit arises out of a motor vehicle collision that occurred on or about Monday, October 4, 2021 on Interstate 635 near Northwest Highway within the city limits of Garland, Dallas County, Texas.  Plaintiff Calvin Johnson was operating his vehicle eastbound on Interstate 635 in the right lane.  Defendant Tito Vega was operating his 18-wheeler eastbound on Interstate 635 in the right

center lane. Defendant Tito Vega was in the course and scope of his employment with and operating under the Federal Motor Carrier authority of Defendant Interstate Freight Solutions, LLC. Defendant Tito Vega made an unsafe lane change into Plaintiff's lane colliding hard with the rear driver's side of Plaintiff's vehicle.  As a result of the collision, Plaintiff was injured and continues to suffer injuries and damages from this incident.

## VI.  CAUSES OF ACTION

### A.    NEGLIGENCE – DEFENDANT TITO VEGA

At the time of the motor vehicle collision, Defendant Tito Vega was operating his 18-wheeler negligently. Specifically, Defendant had a duty to exercise ordinary care and operate his 18-wheeler reasonably and prudently. Defendant breached that duty in one or more of the following respects:

1. Defendant failed to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

2. Defendant changed lanes when such movement could not be made safely in violation of TEX. TRANSP. CODE §545.060;

3. Defendant failed to drive in a single lane;

4. Defendant failed to keep an assured safe distance from Plaintiff's vehicle;

5. Defendant did not yield the right-of-way;

6. Defendant failed to timely apply the brakes of his 18-wheeler in order to avoid the collision in question; and

7. Defendant failed to operate his 18-wheeler at a safe speed.

**B. NEGLIGENT ENTRUSTMENT – DEFENDANT INTERSTATE FREIGHT SOLUTIONS, LLC**

As an additional cause of action, Plaintiff would show that at the time and on the occasion in question, Defendant Interstate Freight Solutions, LLC was the owner of the vehicle driven by Defendant Tito Vega. Defendant Interstate Freight Solutions, LLC entrusted the vehicle to Defendant Tito Vega. Defendant Tito Vega was unlicensed, incompetent, and/or reckless and Defendant Interstate Freight Solutions, LLC knew or should have known that Defendant Tito Vega was unlicensed, incompetent, and/or reckless. Defendant Tito Vega's negligence on the occasion in question proximately caused the collision.

**C. RESPONDEAT SUPERIOR – DEFENDANT INTERSTATE FREIGHT SOLUTIONS, LLC**

Additionally, Plaintiff would show that at the time and on the occasion complained of, Defendant Tito Vega was in the course and scope of his employment with Defendant Interstate Freight Solutions, LLC thereby making Defendant Interstate Freight Solutions, LLC liable under the doctrine of *Respondeat Superior*.

**D. NEGLIGENCE – DEFENDANT INTERSTATE FREIGHT SOLUTIONS, LLC**

Defendant Interstate Freight Solutions, LLC negligently hired and retained Defendant Tito Vega. Moreover, Defendant Interstate Freight Solutions, LLC failed to properly qualify, train and/or supervise Defendant Tito Vega in order to prevent such collision.

**F.     GROSS NEGLIGENCE – DEFENDANT INTERSTATE FREIGHT SOLUTIONS, LLC**

In addition to actual damages, Plaintiff seeks to recover exemplary or punitive damages from Defendant Interstate Freight Solutions, LLC, because Defendant's conduct was of such character as to constitute gross negligence. Defendant Interstate Freight Solutions, LLC's actions in connection with the collision involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and to other users of the public roadways. Defendant Interstate Freight Solutions, LLC had actual, subjective knowledge of the risk involved, but nevertheless acted in conscious indifference to the rights, safety, and welfare of others, including the Plaintiff, when Defendant Interstate Freight Solutions, LLC chose to allow Defendant Tito Vega to operate a vehicle under Defendant Interstate Freight Solutions, LLC's motor carrier authority on public roadways at the time of the collision.

Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the injuries and damages of Plaintiff.

## VII.  DAMAGES

As a proximate result of Defendants' negligence, Plaintiff suffered extensive injuries and damages. As a result of Plaintiff's injuries, Plaintiff suffered the following damages:

    a.     Medical expenses in the past and future;

    b.     Lost wages in the past and loss of earning capacity in the future;

    c.    Property damage and loss of use of Plaintiff's vehicle;

    d.    Disfigurement;

    e.    Physical pain and suffering in the past and future;

    f.    Exemplary damages;

    g.    Mental anguish in the past and future; and

    h.    Physical impairment in the past and future.

## VIII. INTENT TO USE DEFENDANTS' DOCUMENTS

Plaintiff hereby gives notice of intent to utilize items produced in discovery against the party producing same. The authenticity of such items is self-proven per TRCP 193.7.

## IX. JURY TRIAL

Plaintiff demands a trial by jury and includes the appropriate jury fees.

## X. U.S. LIFE TABLES

Notice is hereby given to the Defendants that Plaintiff intends to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## XI. RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer herein, and that upon final hearing thereof, Plaintiff recover judgment against Defendants for:

    a.    Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;

    b.    Plaintiff's future medical expenses;

    c.    Plaintiff's lost wages in the past and loss of earning capacity in the future;

d.  Plaintiff's property damage and loss of use of Plaintiff's vehicle;

e.  Plaintiff's disfigurement;

f.  Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;

g.  Plaintiff's mental anguish in the past and future in an amount to be determined by the jury;

h.  Plaintiff's physical impairment in the past and future in an amount to be determined by the jury;

i.  Plaintiff's exemplary damages;

j.  Interest on the judgment at the legal rate from the date of judgment;

k.  Pre-judgment interest on Plaintiff's damages as allowed by law;

l.  All costs of court; and

m.  Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**WITHERITE LAW GROUP, PLLC**

BY: */s/ Rachel Hatten Adams*
**RACHEL HATTEN ADAMS**
State Bar No. 24101883
rachel.hatten@witheritelaw.com
10440 N. Central Expressway
Suite 400
Dallas, TX 75231-2228
214/378-6665
214/378-6670 (fax)

**ATTORNEYS FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Samantha Hanks on behalf of Rachel Hatten
Bar No. 24101883
Samantha.Hanks@witheritelaw.com
Envelope ID: 73259562
Status as of 3/3/2023 11:54 AM CST

Associated Case Party: CALVIN JOHNSON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Samantha Hanks | | samantha.hanks@witheritelaw.com | 3/1/2023 11:22:09 PM | SENT |
| Rachel Hatten Adams | | rachel.hatten@witheritelaw.com | 3/1/2023 11:22:09 PM | SENT |